# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAMIEN DeVOID,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>WASCO STATE PRISON, et al.,<br><br>　　　　　Defendants.<br>_____ / | CASE NO. 1:09-cv-00015-GSA PC<br><br>ORDER PROVIDING THAT THIS ACTION PROCEED ON PLAINTIFF'S EIGHTH AMENDMENT CLAIM AND FORWARDING SERVICE DOCUMENTS TO PLAINTIFF FOR COMPLETION AND RETURN WITHIN THIRTY DAYS<br><br>(Doc. 7) |

### Screening Order

Plaintiff Damien DeVoid is a state prisoner, proceeding *pro se* and in *forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed his original complaint on January 5, 2009 (doc. 1). On January 14, 2009, he consented to the jurisdiction of a U.S. magistrate judge (doc. 5). Plaintiff filed his first amended complaint on September 28, 2009 (doc. 7).

**I.      Screening Requirement**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

///

dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to § 1983 actions. *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512. Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009), *citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Plaintiff must set forth sufficient factual matter accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949, *quoting Twombly*, 550 U.S. at 555. While factual allegations are accepted as true, legal conclusions are not. *Twombly*, 550 U.S. at 555.

Although accepted as true, "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level." *Id.* at 555 (*citations omitted*). A plaintiff must set forth "the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Id.* at 555-56 (*internal quotation marks and citations omitted*). To adequately state a claim against a defendant, plaintiff must set forth the legal and factual basis for his claim.

**II.     Plaintiff's Claim - Deliberate Indifference to Serious Medical Needs**

    **A.     Factual background**

Plaintiff, presently an inmate at the California State Prison at Corcoran ("CSPC"), burned his legs at Wasco State Prison ("Wasco").  After plaintiff's burns were treated, the treating physician, Dr. Bernard Ramos, ordered that plaintiff's bandages were to be changed daily. Because the licensed vocational nurses, defendants M. Mulkern and M. Pasion, failed to do so, plaintiff's burns became infected, requiring emergency transport to Mercy Medical, followed by 39 days in the prison infirmary. Plaintiff seeks monetary damages.

**B.     Eighth Amendment Claim – Deliberate Indifference to Serious Medical Needs**

Plaintiff contends that the defendants' failure to provide necessary care after he was burned constituted deliberate indifference to plaintiff's serious medical needs in violation of the Eighth Amendment to the U.S. Constitution.

"Deliberate indifference is a high legal standard." *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" *Id*. at 1057, *quoting Farmer v. Brennan*, 511 U.S. 825, 837 (1994). To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" *Toguchi*, 391 F.3d at 1057, *quoting Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002) (*citation omitted*). A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." *Farmer*, 511 U.S. at 834. Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment," or in the manner "in which prison physicians provide medical care." *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds*, *WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).

Defendants' failure to provide care of plaintiff's burns in accordance with Dr. Ramos's orders states a cognizable cause of action for deliberate indifference to serious medical needs in violation of the Eighth Amendment to the U.S. Constitution.

Accordingly, it is **HEREBY ORDERED** that:

1.     This action shall proceed on plaintiff's first amended complaint, filed September 28, 2009, against defendants M. Mulkern, L.V.N., and M. Pasion, L.V.N., for

///

3

deliberate indifference to serious medical need in violation of the Eighth Amendment to the U.S. Constitution.

2. Plaintiff's claims against defendants Wasco State Prison and Dr. Bernard Ramos are dismissed, with prejudice, for failure to state a claim upon which relief may be granted under §1983.

3. The Clerk of Court is directed to reflect on the docket the dismissal of the defendants Wasco State Prison and Dr. Bernard Ramos .

3. Service is appropriate for defendants M. Mulkern, L.V.N. and M. Pasion, L.V.N.

4. The Clerk of Court shall send plaintiff two (2) USM-285 forms, two (2) summonses, a Notice of Submission of Documents form, an instruction sheet and a copy of the plaintiff's first amended complaint filed September 28, 2009.

5. Within **thirty (30) days** from the date of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit the completed Notice to the court with the following documents:

   a. Completed summons;

   b. One completed USM-285 form for each defendant listed above; and

   c. Three (3) copies of the endorsed first amended complaint filed September 28, 2009.

6. Plaintiff should not attempt service on defendants and should not request waiver of service. Upon receipt of the above-described documents, the court will direct the United States Marshal to serve the above-named defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

7. **The failure to comply with this order will result in a recommendation that this action be dismissed.**

IT IS SO ORDERED.

Dated:   **November 17, 2009**              **/s/ Gary S. Austin**
                                            UNITED STATES MAGISTRATE JUDGE

4